**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| THE JAMES MADISON PROJECT<br>1250 Connecticut Avenue, NW<br>Suite 200<br>Washington, D.C. 20036<br><br>    and<br><br>SHANE HARRIS<br>The Daily Beast<br>1150 17th Street, NW<br>Suite 302<br>Washington, DC 20036<br><br>    Plaintiffs,<br><br>    v.<br><br>DEPARTMENT OF STATE<br>2401 E Street, NW<br>Washington, D.C. 20037<br><br>    Defendant. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | Civil Action No. 15-1478 |

\* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, et seq., as amended, for the disclosure of agency records improperly withheld from the plaintiffs The James Madison Project and Shane Harris by the defendant Department of State.

## JURISDICTION

1. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the defendant pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

## VENUE

2. Venue is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff The James Madison Project ("JMP") is a non-partisan organization established in 1998 to promote government accountability and the reduction of secrecy, as well as educating the public on issues relating to intelligence and national security.

4. Plaintiff Shane Harris ("Harris") currently serves as a Senior Correspondent for The Daily Beast, covering national security, intelligence and cyber security topics. He received the New York Public Library's Helen Bernstein Book Award for his book, The Watchers, and was the 2010 winner of the 2010 Gerald R. Ford Prize for Distinguished Reporting on National Defense. His most recent book is entitled "@War: The rise of the Military-Internet Complex."

5. Defendant Department of State ("State") is an agency within the meaning of 5 U.S.C. § 552 (e), and is responsible for issuing the substantive determination regarding expedited processing that is the subject of this action.

## COUNT ONE

6. By letter dated August 12, 2015, the plaintiffs, JMP and Harris (referred to jointly as "JMP"), submitted to State a FOIA request. The FOIA request specifically sought copies of records, including cross-references, pertaining to the revelations that former Secretary of State Hillary Rodham Clinton's ("Secretary Clinton") private attorney, David Kendall ("Mr. Kendall"), had retained personal control over a thumb drive containing e-mails which have been (or might ultimately be) deemed to contain classified

information.

7. JMP indicated that State could limit the scope of its search to the following categories of information:

1) Legal analyses regarding the extent to which Mr. Kendall can lawfully maintain possession of the thumb drive in his private office space;

2) Security analyses regarding the extent to which the thumb drive can be sufficiently secured in Mr. Kendall's private offices in compliance with applicable security directives and policies, including but not limited to any particular methods required to render the thumb drive sufficiently secured;

3) Policy analyses regarding the extent to which it is consistent with the interests of U.S. national security for Mr. Kendall to be permitted to maintain possession of the thumb drive;

4) Documentation memorializing the date and circumstances in which State was first notified that Mr. Kendal retained possession of the thumb drive;

5) Documentation memorializing discussions - whether legal, security or policy-based - between Mr. Kendall and State concerning the possibility of the thumb drive remaining in Mr. Kendall's possession;

6) Documentation memorializing discussions - whether legal, security or policy-based - between State and other Federal agencies and/or Congress regarding the extent to which Mr. Kendall would be permitted to maintain possession of the thumb drive;

7) Documentation memorializing the final determination by State that Mr. Kendall would be permitted to maintain possession of the thumb drive, albeit

     with the understanding that State would take certain measures to ensure the thumb drive was sufficiently secured as required by applicable security directives or policies;

8) Documentation memorializing the date and manner in which State informed Mr. Kendall of its final determination that he would be allowed to maintain possession of the thumb drive;

9) Documentation memorializing confirmation that State had taken the necessary steps to secure the thumb drive in Mr. Kendall's private offices in a manner consistent with applicable security directives and policies; and

10) Any "damage" or "harm" assessments issued by State with respect to the possible unauthorized exposure of classified information contained on the thumb drive prior to State taking steps to properly secure the thumb drive in a manner consistent with applicable security directives and policies.

JMP clarified that State could limit the timeframe of its search from January 21, 2013, up until the date of acceptance of the FOIA request. JMP further clarified that the scope of State's search should not be limited to State-originated records. JMP also requested that responsive records be produced in electronic form.

    8. In the FOIA request, JMP pre-emptively waived any objection to the redaction of the names of any U.S. Government officials below a GS-14 position or whom otherwise were not acting in a supervisory position. JMP similarly waived any objection to redactions of the names of any U.S. Government contractors in a position of authority similar to that of a GS-13 series civilian employee or below.

9. In terms of all other third parties (aside from Mr. Kendall) who work for the U.S. Government and whose names appear in records responsive to this request, JMP explained in detail that the privacy interests of those individuals have been diminished by virtue of their involvement in one or more of the U.S. Government functions described above as falling within the scope of the FOIA request. In terms of Mr. Kendall himself, JMP similarly described in detail the basis for its conclusion that the public interest in records responsive to the FOIA request outweighed Mr. Kendall's categorical privacy interests. Relying upon the public interest aspect outlined regarding third party privacy interests, JMP stated that it was also seeking a waiver of fees or, at a minimum, a reduction in fees.

10. As a final matter, the FOIA request explained that JMP was seeking expedited processing. JMP noted that the details surrounding Secretary Clinton's use of a private e-mail account to conduct official U.S. Government business remained a matter of sustained public interest, particularly in light of the subsequent determinations that some of those e-mails contained classified information.

11. By e-mail dated August 24, 2015, JMP sought clarification from Marianne Manheim ("Ms. Manheim"), State's FOIA Public Liaison, regarding the status of the FOIA request. Ms. Manheim confirmed that the FOIA request had been received and assigned case control #F-2015-13014.

12. By way of a telephone call with State's FOIA office on September 2, 2015, the undersigned learned that the request for expedited processing was granted.

13. To date, no substantive response has been received by JMP from State regarding the FOIA request. JMP has therefore constructively exhausted its administrative remedies.

14. JMP has a legal right under the FOIA to obtain the information it seeks, and there is no basis for the denial by State of said right.

WHEREFORE, plaintiffs The James Madison Project and Shane Harris pray that this Court:

(1) Orders the defendant federal agency to disclose the requested records in their entirety and make copies promptly available to the plaintiffs;

(2) Award reasonable costs and attorney's fees as provided in 5 U.S.C. § 552 (a)(4)(E) and/or 28 U.S.C. § 2412 (d);

(3) expedite this action in every way pursuant to 28 U.S.C. § 1657 (a); and

(4) grant such other relief as the Court may deem just and proper.

Date:   September 10, 2015

Respectfully submitted,

/s/
_____
Bradley P. Moss, Esq.
D.C. Bar #975905
Mark S. Zaid, Esq.
D.C. Bar #440532
Mark S. Zaid, P.C.
1250 Connecticut Avenue, N.W., Ste. 200
Washington, D.C. 20036
(202) 454-2809
(202) 330-5610 fax
Brad@MarkZaid.com
Mark@MarkZaid.com

Attorneys for Plaintiffs